Brian K. Julian – ISB No. 2360
Bret A. Walther – ISB No. 4721
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:  (208) 344-5800
Facsimile:  (208) 344-5510
E-Mail:   bjulian@ajhlaw.com
          bwalther@ajhlaw.com

Attorneys for Blackfoot School District #55, Blackfoot High School, Scott Crane and Blaine McInelly

IN THE DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE, an individual formerly under 18 Years of Age,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKFOOT SCHOOL DISTRICT #55, a political subdivision, BLACKFOOT HIGH SCHOOL, John Does 2-XX, SCOTT CRANE, in his individual and official capacities, BLAINE MCINELLY, in his individual and official capacities, COUNTY OF BINGHAM, a political subdivision, J. SCOTT ANDREW, in his individual and official capacities, RANDY W. SMITH, in his individual and official capacities, JARED RICKS, in his individual and official capacities, CITY OF BLACKFOOT, a political subdivision, R. DAVID MOORE, in his individual and official capacities KURT ASMUS, in his individual and official capacities PAUL NEWBOLD, in his individual and official capacities, JUSTIN DANCE, in his individual and official capacities,<br><br>    Defendants. | Case No.  CV-2012-589<br><br>DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL |

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 1

COMES NOW, Defendants Blackfoot School District #55, Scott Crane and Blaine McInelly, (collectively "Answering Defendants") by and through their counsel of record, Anderson Julian, and Hull, LLP, and hereby answer Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint, and each and every Count contained therein, fails to state a claim against Answering Defendants upon which relief can be granted.

### SECOND DEFENSE

I.

Answering Defendants deny each and every allegations of the Complaint not specifically and expressly admitted herein.

### ALLEGATIONS COMMON TO ALL CLAIMS

**Parties**

II.

With respect to the allegations contained in Paragraph I of Plaintiff's Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

III.

With respect to the allegations contained in Paragraphs 2, 3, and 4 of Plaintiff's Complaint, Answering Defendants admit the allegations contained therein.

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 2

### IV.

With respect to the allegations contained in Paragraphs 5, 6, 7, 8, 9, 10, 11 and 12 of Plaintiff's Complaint, these allegations pertain to other named parties, and a response by these Answering Defendants is therefore not required.

**Facts**

### V.

With respect to the allegations contained in Paragraph 13 of Plaintiff's Complaint, insufficient detail is provided and Answering Defendants can neither admit nor deny the allegations contained therein; and therefore deny the same.

### VI.

With respect to the allegations contained in Paragraphs 14, 15, 16, 17, 18 and 19 of Plaintiff's Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

### VII.

With respect to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Answering Defendants deny each and every allegation contained therein.

### VIII.

With respect to the allegations contained in Paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of Plaintiff's Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same.

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 3

## COUNT I

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against all Defendants)

### IX.

With respect to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-30 of Plaintiff's Complaint as if set forth in full herein.

### X.

With respect to the allegations contained in Paragraphs 32, 33, 34, 35 and 36 of Plaintiff's Complaint, Answering Defendants deny each and every allegation contained therein.

## COUNT II

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against all Defendants

### XI.

With respect to the allegations contained in Paragraph 37 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-36 of Plaintiff's Complaint as if set forth in full herein.

### XII.

With respect to the allegations contained in Paragraphs 38 and 39 of Plaintiff's Complaint, Answering Defendants deny each and every allegation contained therein.

### COUNT THREE

### FOR MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C.§ 1983

(Against Defendants Bingham County, J. Scott Andrew, Randy Smith, Jared Ricks, City of Blackfoot, R. David Moore, Kurt Asmus, Paul Newbold and Justin Dance)

### XIII.

With respect to the allegations contained in Paragraph 40 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-39 of Plaintiff's Complaint as if set forth in full herein.

### XIV.

With respect to the allegations contained in Paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49 and 50 of Plaintiff's Complaint, the allegations asserted therein are not directed at the Answering Defendants, and therefore a response is not required. To the extent that any of these allegations is construed to apply to Answering Defendants, all such allegations are denied.

### COUNT FOUR

### MAKING FALSE PUBLIC STATEMENTS IN VIOLATION OF

### 42 U.S.C. § 1983

(Against Defendants Scott Crane, Randy Smith, R. David Moore, and Kurt Asmus)

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 5

## XV.

With respect to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-50 of Plaintiff's Complaint as if set forth in full herein.

## XVI.

With respect to the allegations to the allegations contained in Paragraph 53, 54, 55, 56, 57 and 58 of Plaintiff's Complaint, Answering Defendants deny each and every allegation contained therein.

## COUNT SIX

## OBSTRUCTION OF JUSTICE

(Against Defendants Bingham County, J. Scott Andrew, Randy Smith, Jared Ricks, City of Blackfoot, R. David Moore, Kurt Asmus, Paul Newbold and Justin Dance)

## XVII.

With respect to the allegations contained in Paragraph 59 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-58 of Plaintiff's Complaint as if set forth in full herein.

## XVIII.

With respect to the allegations contained in Paragraphs 60, 61, 62, 63, 64, and 65 of Plaintiff's Complaint, the allegations asserted therein are not directed at the Answering Defendants, and therefore a response is not required. To the extent

that any of these allegations is construed to apply to Answering Defendants, all such allegations are denied.

## COUNT SEVEN

## VIOLATIONS OF 42 U.S.C. § 1983

*Monell V. Dep't of Social Servs., 436 U.S. 658 (1977)*

**(Against the supervisory defendants in their official capacities, with respect to Bingham County and the City of Blackfoot, Scott Andrew in his official capacity, R. David Moore in his official capacity)**

### XIX.

With respect to the allegations contained in Paragraph 66 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-65 of Plaintiff's Complaint as if set forth in full herein.

### XX.

With respect to the allegations contained in Paragraphs 68, 69, 70, 71, 72 and 73 of Plaintiff's Complaint, the allegations asserted therein are not directed at the Answering Defendants, and therefore a response is not required. To the extent that any of these allegations is construed to apply to Answering Defendants, all such allegations are denied.

## COUNT EIGHT

**CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983 (WITNESS INTIMIDATION)**

**(Against Defendants Andrew, Smith, Moore and Newbold)**

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 7

### XXI.

With respect to the allegations contained in Paragraph 74 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-73 of Plaintiff's Complaint as if set forth in full herein.

### XXII.

With respect to the allegations contained in Paragraphs 75, 76, 77, and 78 of Plaintiff's Complaint, the allegations asserted therein are not directed at the Answering Defendants, and therefore a response is not required.  To the extent that any of these allegations is construed to apply to Answering Defendants, all such allegations are denied.

### COUNT NINE

### NEGLIGENT SUPERVISION, HIRING, TRAINING, AND DISCIPLINE

(Against Supervisory Defendants Blackfoot SD #55, Crane, McInelly, Bingham County, City of Blackfoot, Andrew and Moore)

### XXIII.

With respect to the allegations contained in Paragraph 79 of Plaintiff's Complaint, Answering Defendants reassert and reallege every defense and answer set forth in responding to Paragraph Nos. 1-78 of Plaintiff's Complaint as if set forth in full herein.

### XXIV.

With respect to the allegations contained on Paragraph 80 of Plaintiff's Complaint, only legal conclusions are asserted therein to which a response is not

required. To the extent factual allegations are asserted or implied which pertain to Answering Defendants, all such allegations are denied.

## XXV.

With respect to the allegations contained in Paragraphs 81 and 82 and their subparts, Answering Defendants deny each and every allegation contained therein.

## PRAYER FOR RELIEF

## XXVI.

With respect to the allegations contained in Paragraph 83 of Plaintiff's Complaint, and its subparts, Answering Defendants deny each and every allegation contained therein.

## THIRD DEFENSE

Plaintiff has failed to establish a *prima facie* case supporting his claims as required by law.

## FOURTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FIFTH DEFENSE

The alleged damages of Plaintiff are wholly or partially caused by the acts or omissions of persons other than Answering Defendants, over whom Answering Defendants had no control, and/or by the superseding intervention of causes outside of Answering Defendants' control.

## SIXTH DEFENSE

Some or all of the damages prayed for in the Complaint and some or all of the causes of action against Answering Defendants arise out of, and stem from,

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 9

activities addressed by Title 6, Chapter 9 of the Idaho Code (the Idaho Tort Claims Act) and by virtue of which Plaintiff's causes of action and damages alleged, in whole or in part are barred by these provisions of Idaho law.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### EIGHTH DEFENSE

As to the allegations of a violation of 42 U.S.C. § 1983, Answering Defendants assert there exists no constitutional policy, custom or usage proximately causing Plaintiff's alleged damages.

### NINTH DEFENSE

Plaintiff was guilty of careless and negligent misconduct at the time of and in connection with the matters and damages alleged, which misconduct on his part proximately caused and contributed to said events and resulting damages, if any.

### TENTH DEFENSE

Answering Defendants are not jointly and severally liable for any claims or damages made in this lawsuit against other named Defendants.

### ELEVENTH DEFENSE

All acts or omissions of the individually named Answering Defendants, if any, were performed in good faith, without malice, with probable cause and were fully justified and reasonable under the circumstances, and that said Defendants are thereby immune from an award of damages for all causes of action including but not limited to those under 42 U.S.C. § 1983.

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 10

## TWELFTH DEFENSE

Insofar as the Complaint seeks to set forth state law claims, Plaintiff's claims are barred for failure to file a timely written tort claim notice pursuant to the Idaho Tort Claims Act.

## THIRTEENTH DEFENSE

Answering Defendants' acts and/or omissions, if any, were privileged.

## FOURTEENTH DEFENSE

The alleged actions of Answering Defendants, if any, do not rise to the level of a deprivation of any constitutionally protected interest.

## FIFTEENTH DEFENSE

The individually named Answering Defendants are entitled to qualified immunity for all claims brought under 42 U.S.C § 1983.

## SIXTEENTH DEFENSE

All alleged defamatory statements, if any, attributed to Answering Defendants were made as statements of opinion and not as representations of fact.

## SEVENTEENTH DEFENSE

The alleged defamatory words published by Answering Defendants were true in substance and in fact.

## EIGHTEENTH DEFENSE

Plaintiff has waived, or by his conduct is estopped from asserting the causes of action contained in his complaint.

## NINETEENTH DEFENSE

Defendants reserve the right to assert any additional affirmative defense or matters in avoidance that may be disclosed in the course of additional investigation and discovery.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

WHEREFORE, Answering Defendants pray that Plaintiff's take nothing by this action, and that the same be dismissed with prejudice, and that Answering Defendants be awarded their costs of suit, attorney fees, and such other and further relief as this Court deems just under the circumstances.

## JURY DEMAND

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Answering Defendants hereby demand a trial by jury containing no fewer than twelve (12) members as to all issues.

DATED this 19th day of February, 2013.

ANDERSON, JULIAN & HULL LLP

By_____
Brian K. Julian, Of the Firm
Attorneys for Blackfoot School District #55, Blackfoot High School, Scott Crane and Blaine McInelly

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this ___19th___ day of February, 2013, I served a true and correct copy of the foregoing by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Dustin W. Manwaring<br>MILESTONE LAW FIRM<br>1469 W. Quinn Road<br>Pocatello, ID  83202<br>Telephone No. 208-252-5295 | [ ]  U.S. Mail, postage prepaid<br>[ ]  Hand-Delivered<br>[X] ECF<br>[ ]  Facsimile  (858)228-1776 |

_____
Brian K. Julian

DEFENDANTS BLACKFOOT SCHOOL DISTRICT #55, SCOTT CRANE AND BLAINE MCINELLY'S ANSWER AND DEMAND FOR JURY TRIAL - 13