UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE, an individual formerly under 18 Year of Age,<br><br>Plaintiff,<br><br>v.<br><br>BLACKFOOT SCHOOL DISTRICT #55, a political subdivision, BLACKFOOT HIGH SCHOOL, John Does 2-XX, SCOTT CRANE, in his individual and official capacities, BLAINE MCINELLY, in his individual and official capacities, COUNTY OF BINGHAM, a political subdivision, J. SCOTT ANDREW, in his individual and official capacities, RANDY W. SMITH, in his individual and official capacities, JARED RICKS, in his individual and official capacities, CITY OF BLACKFOOT, a political subdivision, R. DAVID MOORE, in his individual and official capacities, KURT ASMUS, in his individual and official capacities, PAUL NEWBOLD, in his individual and official capacities, JUSTIN DANCE, in his individual and official capacities,<br><br>Defendant. | Case No. 4:12-CV-589-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion for attorney fees. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# ANALYSIS

**Memorandum Decision & Order – page 1**

The plaintiff was charged with a serious crime and later acquitted. He responded by suing the police and prosecutors who pursued those charges against him, alleging that they violated his constitutional rights.

The defendants filed a motion for summary judgment that was granted by Judge Ted Stewart in a 20-page decision. The defendants now seek $51,328.50 in attorney fees under 42 U.S.C. § 1988.

Defendants are not entitled to fees under § 1988 simply because they prevailed. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.1994). Instead, they must show that plaintiff's claims were "unreasonable, frivolous, meritless, or vexatious." *Id.*

The Court cannot make such a finding. Defense counsel himself – in justifying the amount of fees that he seeks – observes that "[t]he issues in this case were not routine and ordinary but required significant amounts of research and drafting." *See Defense Brief (Dkt. No. 55)* at p. 6. Plaintiff raised serious claims that deserved to be resolved in a court of law.

It is true that some of plaintiff's claims were weak; but weak claims are not necessarily frivolous claims. *Mory v. City of Chula Vista,* 370 Fed. Appx. 865, 867 (9th Cir. 2010) (unpublished memorandum decision). One court put it succinctly: "There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success. As the courts have interpreted § 1988, it is only the latter that permits defendants to recover attorney's fees." *Cooney v. Casady,* 735 F.3d 514, 521 (7th Cir. 2013). The Court finds that while some of plaintiff's claims were so weak they had little chance of success, none of his claims was

**Memorandum Decision & Order – page 2**

so frivolous that it had no chance for success. Accordingly, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for attorney fees (docket no. 47) is DENIED.

DATED: February 2, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court